### In re CULLIGAN INTERNATIONAL CO.

No. 89–1566.

United States Court of Appeals, Federal Circuit.

Sept. 25, 1990.

George H. Gerstman, Gerstman & Ellis, Ltd., Chicago, Ill., argued for appellant.

Albin F. Drost, Associate Sol., Office of the Sol., Arlington, Va., argued for appellee. With him on the brief was Fred E. McKelvey, Sol.

Before MAYER, Circuit Judge, BALDWIN, Senior Circuit Judge, and MILLS, District Judge *.

## OPINION

RICHARD MILLS, District Judge.

This is an appeal pursuant to 15 U.S.C. § 1071(a)(1) (1988) from a decision of the Commissioner of Patents and Trademarks. The Commissioner, acting through the Assistant Commissioner for Trademarks, held that 15 U.S.C. § 1059 (1982) requires both the renewal fee and the late application fee to accompany a late application for trademark renewal. We affirm.

### Background

The basic facts are undisputed. Culligan's trademark registration for a home drinking water purification unit, Registration No. 843,696, expired on February 6, 1988. On March 15, 1988, Culligan filed an application for renewal of the trademark registration. Culligan forwarded a check for $300 with the application.

On September 16, 1988, the Patent and Trademark Office (PTO) notified Culligan that its registration could not be renewed because the time had expired for filing the additional $100 fee required when a renewal application is filed after expiration of the registration.

Culligan filed a request for reconsideration and tendered the additional $100 fee. The Affidavit/Renewal Examiner denied the request for reconsideration.

Culligan filed a Petition to the Commissioner under 37 C.F.R. § 2.146 (1988), requesting that the Commissioner review the Affidavit/Renewal Examiner's decision and the Assistant Commissioner for Trademarks denied that petition. In so doing, the Commissioner stated that the additional fee is a statutory element of a complete application for renewal and that, pursuant to the renewal statute, a complete application must be filed within the applicable time limits. The Commissioner further stated that the statute does not give him the discretion to extend, suspend, or waive the time for filing a complete application for renewal.

This appeal followed.

### Discussion

Appellant contends that the Commissioner erred in holding that 15 U.S.C. § 1059 (1982) requires both the renewal fee and the late application fee to be paid no later than three months after a trademark registration has expired. Appellant also contends that the Commissioner has the discretion to accept the late application fee after the three month grace period and that he abused that discretion by notifying Appellant six months after the renewal application was filed that the renewal could not be granted. Finally, Appellant asserts that the Commissioner's statement that relief could not be granted because "inadvertent omissions on the part of attorneys do not constitute extraordinary situations" is clearly erroneous.

We hold that 15 U.S.C. § 1059(a) (1982) requires both the renewal fee and the late application fee to be paid no later than three months after the expiration of the registration. We further hold that the Commissioner does not have the discretion to accept the application fee after the three month grace period. We decline to reach Appellant's final argument.

### A. Requirements of § 1059(a)

■ The Trademark Act provides that registrations are issued for 20 year terms. 15 U.S.C. § 1058 (1982).[1] Registrations can be renewed for a like period. 15 U.S.C. § 1059.

Section 1059(a) provides:

Each registration may be renewed for periods of twenty years from the end of the expiring period upon payment of the prescribed fee and the filing of a verified

---

* Richard Mills, District Judge, United States District Court for the Central District of Illinois, sitting by designation.

1. Section 1059(a) has since been amended to reduce the renewal period to ten years. 15 U.S.C. § 1059(a) (1988).

application therefor, setting forth those goods or services recited in the registration on or in connection with which the mark is still in use in commerce and having attached thereto a specimen or facsimile showing current use of the mark, or showing that any nonuse is due to special circumstances which excuse such nonuse and it is not due to any intention to abandon the mark. Such application may be made at any time within six months before the expiration of the period for which the registration was issued or renewed, or it may be made within three months after such expiration on payment of the additional fee herein prescribed.

The Commissioner held that "[t]he fee is a statutory element of the complete application for renewal, and pursuant to the statute, a complete application must be filed within the time limit set forth". We agree.

In *In re Holland American Wafer Co.*, 737 F.2d 1015, 1018, 222 U.S.P.Q. 273, 275 (Fed.Cir.1984), we held that a complete renewal application must be submitted within the statutory time period. We stated that the contents of a renewal application must include, *inter alia*, a statement of the goods or services for which the mark is being used, a statement that the mark is in use in interstate or other commerce under the control of Congress, a specimen label showing the mark as currently used, and an affidavit by the owner of the mark. The renewal application must also include the application fee and the additional fee if the application is filed during the grace period. The statute requires these fees as part of a complete renewal application just as it requires the statement of goods or services, the statement that the mark is in use in interstate commerce, the specimen label, and the affidavit. There are no qualitative differences among these statutory requirements.

Appellant contends that the literal interpretation of 15 U.S.C. § 1059(a) (1982) does not absolutely require that the additional fee to file during the grace period be paid during the three month period. Under Appellant's interpretation of the statute, and the scenario it argues, only the renewal application itself must be filed within three months after expiration. Then, if the application contains the regular renewal fee, it would be given a filing date. If the additional fee is not paid with the application, the Commissioner should notify the registrant that the additional fee is due and set a time in which it must be paid. On payment of the additional fee, the registration would be renewed.

■ There are several basic flaws in Appellant's position. *First*, Appellant's interpretation does violence to the plain wording of the statute. Clearly, "or it may be made within three months after such expiration on payment of the additional fee" contemplates that the additional fee be paid within the three month period. *Second*, Appellant asserts that if the additional fee is not paid with the application the Commissioner should set a time in which it must be paid. This, however, has already been done by the statute. The additional fee must be paid within the three month grace period. *Finally*, there is no obligation for the Commissioner to notify the registrant of potential defects within the statutory period. No statute or regulation imposes such an obligation. *In re Holland American*, 737 F.2d at 1018, 222 U.S.P.Q. at 275. Congress has simply provided that if the Commissioner refuses to renew the registration, he must notify the registrant of the refusal and the reasons therefor. 15 U.S.C. § 1059(b) (1988).

### B. Discretion to Accept Late Fee

■ Appellant next asserts that the Commissioner had the discretion to accept the application fee after the three month grace period and that he abused that discretion by notifying Appellant six months after the renewal application was filed that the renewal could not be granted.

Appellant's position is foreclosed by our discussion in Part A. The statute requires

that the late application fee be paid within the three month grace period. "Timeliness set by statute is not a minor technical defect which can be waived by the Commissioner." *In re Holland American,* 737 F.2d at 1018, 222 U.S.P.Q. at 275. Thus, the Commissioner did not have the discretion to accept the application fee after the three month grace period had expired and he could not have abused his discretion by notifying Appellant six months after the renewal application was filed that the renewal could not be granted.

Because we hold that the statute requires the late application fee to be paid within the three month grace period and that the Commissioner did not have the discretion to waive this requirement, we find it unnecessary to reach Appellant's argument that the Commissioner erred in stating that relief could not be granted because "inadvertent omissions on the part of attorneys do not constitute extraordinary situations."

### Conclusion

We hold that 15 U.S.C. § 1059(a) requires both the renewal fee and the late application fee to be paid within three months after expiration of the registration. We further hold that the Commissioner did not have the discretion to accept the late application fee when it was tendered after expiration of the three month grace period. The decision of the Commissioner is affirmed.

AFFIRMED.